```
RONALD J. LOGAR, Nev. State Bar No. 00303
ERIC A. PULVER, Nev. State Bar No. 07874
Logar Pulver
1875 Plumas St., Suite 1
Reno, NV  89509
Tel.: 775-786-5040
Fax: 775-786-7544
E-mail: eric@logarpulver.com

JOSEPH M. GRANT, Texas State Bar No. 08301520   (Pro Hac Vice)
The Grant Law Firm
94 A Drew St.
Houston, TX   77006
Tel.: 713-880-3331;
Fax: 713-880-3332
E-mail: brr2@mcc.com

PHILIP STILLMAN, Mass. State Bar No. 555555  (Pro Hac Vice)
Stillman & Assoc.
224 Birmingham Dr., Suite 2A
Cardiff, CA 92007
Tel:   888-235-4279
```

Attorneys for Plaintiff,  Michael J. Flynn, Esq.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael J. Flynn, Esq.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Liner, Grode, Yankelevitz, Sunshine, Regenstreif, & Taylor, LLP,  and all of its partners;<br>Deborah Klar, individually and as a partner in the Liner Law firm;<br>Teri Pham, individually and as a partner in the Liner Law Firm.<br><br>　　　　Defendants.<br>_____ | CASE NO.: 3:09-cv-00422-ECR-VPC<br><br>**DECLARATION OF MICHAEL FLYNN IN SUPPORT OF HIS RESPONSE TO THE KLAR AND PHAM MOTION TO DISMISS** |

　　　I, Michael J. Flynn swear under the pains and penalties of perjury that I have personal knowledge of the following facts; and if called as a witness could and would attest to the same as being true and accurate:

　　　1.　　I am domiciled in Massachusetts because it is my intent to make it my domicile. As of the date of the filing of the complaint in this action I was domiciled in Massachusetts because of my intent to make it my domicile, my physical presence there, and the facts recited herein.

　　　2.　　I own my home in Boston, Massachusetts.  I have a Massachusetts driver's license. I am only licensed to practice law in Massachusetts. My physical law office is located there.  For

1  approximately thirty nine  years  I have engaged in an <u>evolving</u>  multi--state law practice based
2  on pro hac vice admissions in numerous states, but all based on my Massachusetts law  license
3  and my continual office location  there from 1970 to the present. In recent years,  after the
4  termination of my partnerships in 2004 and December, 2006, my practice of law has centered
5  around the Nevada cases at issue in this litigation; and in connection with cases now pending in
6  Montana, regardless of where I am physically present.

7       3.     My family life is centered in Massachusetts. Five of my seven siblings live there,
8  one in New Hampshire, and one in Colorado. My mother lives there. I am very close to all of my
9  family; and our family life is centered in Massachusetts around decades of family activities there,
10  often involving over 40 members of our extended family, including parents, children,
11  grandchildren and great grand children..None of my three children live in California.

12       4.     My academic background from grade school through law school is all based in
13  Massachusetts.

14       5.     I do not recall any pro hac vice appearances in California for approximately the last
15  ten years since a case I appeared in in the Central District of California on or about 1999 - 2001.

16       6.     I am an avid Massachusetts sports fan of its professional and collegiate teams,
17  regularly attend sporting events there, am a  Red Sox season ticket holder and have been
18  intermittently since the late 80's, either in my name or as a sub-licensee. I am not a California
19  sports fan, dislike their teams, have never attended any California professional sporting events
20  other than one Angels game many years ago, and several Lakers games against the Boston
21  Celtics in the 1980's.

22       7.     The address on my February, 2006 pro hac vice application was a rental that
23  terminated in April, 2006. I then rented another condo in Rancho Santa Fe, CA where I have a
24  part time "residence." That rental is currently  "month to month" based on my specific "intent"
25  made in late 2006 to spend the majority of my time in Massachusetts. I recently testified to these
26  facts in an unrelated Massachusetts case.  Prior to December, 2006, the Flynn & Stillman office,
27  used solely by Mr. Stillman,  was  located at a separate address which defendants referenced in
28  the perjured declaration of Montgomery. I <u>never</u> worked in that office.  That office terminated with

Complaint      - 1 -

the termination of the partnership in December, 2006.  I have <u>never</u> held myself out as a California lawyer. All of my letterheads recite that I am only admitted or licensed in Massachusetts.  In my present condo "residence" in California, I have no employees, no secretary, no signs, no professional listings, nothing that makes it a "law office."

8. Nevada is the defining locus and forum for the facts , issues, pleadings, witness and document  location,  and events in my complaint. My pleadings and the court order attached as Exhibits 1 through 6 to the Request for Judicial Notice filed herewith are true and correct copies on file in the California Superior Court in the case of Montgomery v Flynn, BC 375335. Those pleadings accurately recite the "California facts"  merged into the judgment entered by operation of law based upon the court's dismissal on November 27, 2007 of the underlying Montgomery case, which was filed by the lawyer-defendants in this case.  Evidence supports the computer hacking allegations in the complaint that defendants' filed said case in California on August 3,  2007 for the purpose of circumventing the Nevada Rules of Professional obligating both them and me, because they knew that I was legally obligated pursuant to Nevada Rules of Professional Conduct, Rule 3.3,  to inform the Nevada District Court of the perjury and frauds perpetrated by Montgomery when I was his lawyer, along with other lawyers who were likewise deceived, but which perjury and frauds were perpetrated by Montgomery without my knowledge or involvement. Similarly, when they knew of Montgomery's perjury in prior declarations and in his September 10, 2007 Declaration - the subject of the Sanctions order - <u>throughout August and September of 2007, they were obligated to comply with Rule 3.3.</u>  Defendants' sanctioned conduct in Nevada to defeat Nevada jurisdiction and ethical rules based on perjury, and the "California facts," as recited in my California pleadings and merged into the California judgment constitutes the basis for my claims <u>in this case.</u>

Signed under the pains and penalties of perjury this 23 rd day of November, 2009 under the laws of Nevada and the United States.

                                                    /s/
                                         Michael J. Flynn

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of LOGAR PULVER, and that on the 23rd day of November 2009, I

☐ deposited for mailing in the U.S. Mail, with sufficient postage affixed thereto

☐ sent via Federal Express or other overnight delivery service

☐ delivered via facsimile machine to fax number:

☐ personally delivered

☐ caused to be delivered via Reno-Carson Messenger Service

✓ served through the CM/ECF electronic notification system

the foregoing document addressed to:

    David R. Grundy, Esq.
    Alice Campos, Esq.
    Joy R. Graber, Esq.
    6005 Plumas Street
    Reno, NV 89519

and

    Daniel T. Hayward, Esq.
    Laxalt & Nomura
    9600 Gateway Drive
    Reno, NV 89521

/s/
ZACHARY DRAPER
Legal Assistant to Logar Pulver