UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL J. FLYNN, | ) |
| | ) |
| Plaintiff, | ) 3:09-CV-00422-PMP-RAM |
| | ) |
| v. | ) |
| | ) |
| LINER GRODE STEIN YANKELEVITZ | ) ORDER |
| SUNSHINE REGENSTREIF & TAYLOR | ) |
| LLP, DEBORAH A. KLAR, and TERI | ) |
| PHAM, | ) |
| | ) |
| Defendants. | ) |

Presently before the Court is Defendants Deborah Klar's and Teri Pham's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue or, in the Alternative, to Transfer this Action to the Central District of California; Motion to Dismiss for Failure to State a Claim; Joinder in Motion to Dismiss Filed on Behalf of the Liner Firm (Doc. #27), filed on October 28, 2009. Plaintiff filed an Opposition (Doc. #29) with supporting declaration (Doc. #30) on November 23, 2009. Defendants filed a Reply (Doc. #36) on December 14, 2009.

Also before the Court is Plaintiff Flynn's Motion to Supplement Record in Connection with Klar/Pham Motion to Dismiss (Doc. #37), filed on December 15, 2009. Defendants did not file an opposition. This action was reassigned to the undersigned on July 7, 2010.

///

///

**I. BACKGROUND**

Plaintiff Michael Flynn ("Flynn") is an attorney licensed in Massachusetts who appeared pro hac vice in this Court in the case of Dennis Montgomery v. eTreppid Technologies, 3:06-CV-00056-PMP-VPC ("eTreppid case"). (Compl. (Doc. #1) at 2.) Defendant Liner, Grode, Stein, Yankelevitz, Sunshine, Regenstreif & Taylor, LLP ("Liner Firm") is a law firm based in Los Angeles, California. (Id.) Defendants Deborah Klar ("Klar") and Teri Pham ("Pham") are attorneys who previously were partners in the Liner Firm. (Id.) Pham and Klar also appeared pro hac vice in the eTreppid case, representing Dennis Montgomery ("Montgomery") following Flynn's withdrawal as Montgomery's attorney. (Id.)

Flynn alleges that Klar, Pham, and the Liner Firm initiated several state court and administrative proceedings against him in an effort to force him to turn over Montgomery's client file without Montgomery having to pay attorney's fees he owed Flynn or without having to post a bond for such fees. (Id. at 3.) Specifically, Flynn alleges Defendants initiated an action in California superior court, filed two applications for writ of possession in the California superior court action, filed a fee arbitration petition in San Diego, filed a bar complaint with the Massachusetts state bar, filed a perjurious declaration in the California and Nevada proceedings, and filed other "pleadings" in the California and Nevada actions in bad faith. (Id. at 3-4.) Flynn alleges Defendants did so in an abusive manner, relying on a perjured affidavit by Montgomery, thus knowing that no basis existed for pursuing the actions in California. (Id. at 3-5.) Flynn further alleges Defendants engaged in these activities in a concerted effort to circumvent Nevada law which permits Flynn to exercise a retaining lien over the client file, to avoid this Court's jurisdiction to enforce the retaining lien, and to evade this Court's supervision of state secrets contained within Montgomery's client file. (Id.)

///

Based on this conduct, Flynn brings claims for abuse of process under Nevada law (count one), malicious prosecution under California law (count two), intentional infliction of emotional distress (count four), negligent infliction of emotional distress (count five), violation of rules and statutes (count six), negligence (count eight), and conspiracy (count nine). Flynn further asserts that Defendants aided and abetted Montgomery hacking into Flynn's computer and using the information obtained in the fee dispute proceedings. (Id. at 6-7.) Flynn brings claims for aiding and abetting violations of 18 U.S.C. § 1030 (count three) and invasion of privacy (count seven) based on these allegations.

Defendants Klar and Pham now move to dismiss, arguing this Court lacks jurisdiction, this is an improper venue, or, alternatively, the Court should transfer to the Central District of California on forum non conveniens grounds. Klar and Pham also move to dismiss for failure to state a claim. Flynn opposes the motion, arguing the Court has both diversity and federal question jurisdiction, Defendants are barred by res judicata from re-litigating venue, and transfer is not supported on forum non conveniens grounds. As to the failure to state a claim, Flynn rests on his opposition to Defendant Liner Firm's separately-filed motion to dismiss.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Defendants Klar and Pham argue federal question jurisdiction is lacking because Flynn fails to state a claim under federal law. Defendants argue diversity jurisdiction is lacking because Defendants and Flynn are residents of California. Flynn responds that Massachusetts is his domicile, and thus diversity jurisdiction exists. Flynn also contends he states a claim for aiding and abetting computer hacking under federal law.

Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "Section 1332

requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A natural person's citizenship is based on his state of domicile, not where he resides. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. The party asserting federal jurisdiction bears the burden of proving the Court has jurisdiction. In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001).

Plaintiff Flynn alleged in his Complaint that he is domiciled in Massachusetts. (Compl. at 2.) In response to Defendants' motion, Flynn provided affidavits in which he avers that it is his intent to make Massachusetts his domicile, he owns a home in Massachusetts, he is registered to vote in Massachusetts, he has a Massachusetts driver's license, his law office is located there, he maintains a Massachusetts law license, and his family life is centered there, as his mother and many of his siblings live in Massachusetts. (Decl. of Michael Flynn (Doc. #30); Supp. Decl. of Michael Flynn (Doc. #37).) Flynn acknowledges he rents a condominium in California, but he does so on a month-to-month basis. (Decl. of Michael Flynn.) Flynn also states that although his former law partner operated out of a California office, Flynn did not do so, and that partnership terminated in December 2006. (Id.)

Based on the above facts, Flynn has met his burden of establishing his domicile is Massachusetts, not California. Because Flynn is a Massachusetts citizen, and all Defendants are California citizens, complete diversity exists. The amount in controversy requirement is met because Flynn seeks well over $75,000. The Court therefore will deny Defendants' motion to dismiss for lack of jurisdiction.

///

**B. Venue**

Defendants argue the case should be dismissed for improper venue because the acts out of which Flynn's claims arise all occurred in California and Massachusetts, where Defendants filed the state court action, bar complaint, and fee arbitration request. Flynn responds that the venue question previously has been resolved by this and other courts in the underlying proceedings out of which Flynn's claims arise. Flynn thus argues Defendants are barred by res judicata from re-litigating these facts.

         1.  Res Judicata

Defendants' argument that venue is improper in this Court for this action is not barred by claim or issue preclusion. This action does not involve the same claims or issues as the actions which Flynn contends bar the argument. See Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) ("Res judicata applies when the earlier suit . . . involved the same claim or cause of action as the later suit" (quotation omitted); Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir. 2003) (issue preclusion applies when "the issue at stake is identical to an issue raised in the prior litigation"); Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of Am., 35 Cal. Rptr. 3d 496, 502 (Cal. App. Ct. 2005) (same under California law). In this action, Flynn seeks monetary relief from Defendants for their conduct in initiating the California and Massachusetts actions. The California actions included a civil action initiated by Montgomery, with Defendants acting as counsel, to force Flynn to turn over Montgomery's client file, a request for arbitration of a fee dispute between Montgomery and Flynn, and a Massachusetts state bar complaint by Montgomery against Flynn. The question of whether venue was proper in this Court to decide the Flynn/Montgomery fee and file dispute is entirely separate from whether venue is proper in this Court to adjudicate Flynn's claims against Defendants for their alleged misconduct in initiating actions in other forums in an effort to avoid this Court exercising jurisdiction over the Flynn/Montgomery fee and file dispute.

#### 2. Venue

Pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2),[1] venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue may lie in multiple judicial districts so long as a substantial part of the events giving rise to the plaintiff's claim occurs in each district. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005); Dist. No. 1, Pac. Coast Dist., M.E.B.A. v. State of Alaska, 682 F.2d 797, 799 (9th Cir. 1982). The inquiry is not which district has the most substantial contacts, rather, the Court inquires "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003). However, "[o]nly the events that directly give rise to a claim are relevant." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).

Thus, to determine whether a substantial part of the events giving rise to the claim occurred in the forum, the Court first determines what acts or omissions by the defendants give rise to the plaintiff's claims. Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005); Jenkins Brick Co., 321 F.3d at 1372. The Court then determines whether a substantial part of those acts took place in the forum. Daniel, 428 F.3d at 432; Jenkins Brick Co., 321 F.3d at 1372. Determining whether events in the forum are substantial for venue purposes is "more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of

---

[1] Section 1391(a) provides the venue rules for actions where jurisdiction is founded only on diversity. Section 1391(b) provides the venue rules for actions where jurisdiction is not founded solely on diversity. Because the relevant section of 1391(a) and (b) are the same, the Court need not address Defendants' argument that Flynn fails to state a federal claim giving rise to federal question jurisdiction.

6

contacts." Daniel, 428 F.3d at 432-33. "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." Id. The plaintiff bears the burden of showing that venue in this district is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).

Flynn has met his burden of establishing venue in this district is proper. Although the activities giving rise to nearly all of Flynn's claims against Defendants occurred in California and possibly Massachusetts, Flynn alleges Defendants used a perjured declaration in Nevada and filed pleadings in Nevada in bad faith. Flynn alleges harm in the form of expenses from having to defend against Defendants' vexatious litigation strategies, including expending resources to defend against the perjured declaration in the Nevada proceeding. Thus, Flynn's claims arise out Defendants' forum-related activities. Additionally, there is a close nexus between Flynn's claims and the forum. Flynn and Defendants were admitted pro hac vice in this Court. Flynn alleges Defendants engaged in the out-of-forum conduct in a concerted effort to evade Nevada law, to circumvent this Court's orders, and to force Montgomery to turn over the client file which, under Nevada law, he was entitled to retain pending payment of fees or the posting of a bond in lieu of payment. Considering the qualitative, rather than quantitative, value of the events in the forum, venue is proper in this district.

### C. Forum Non Conveniens

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." The transferor court may transfer only to a district or division where the action "might have been brought" originally. 28 U.S.C. § 1404(a). An action "might have been brought" in the proposed transferee court if that court would have subject matter jurisdiction, venue would be proper there, and the defendants would be amenable to service

7

of process issued by that court. See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960); Horwitz v. S.W. Forest Indus., Inc., 612 F. Supp. 179, 181 (D. Nev. 1985).

The transferor court must find both that the action might have been brought in the transferee court and that the parties' and witnesses' convenience, in the interest of justice, favors transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). The factors the Court considers include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The Court also may consider a forum selection clause and any relevant public policy of the forum state. Id. The defendant seeking to defeat the plaintiff's choice of forum bears the burden of showing transfer is appropriate. In re Apple, Inc., 602 F.3d 909, 913 (9th Cir. 2010).

Defendants have not met their burden of establishing transfer is appropriate. This is not a contract action, and thus there were no agreements negotiated or executed either in California or Nevada. As Plaintiff brings claims under both California and Nevada law, each state would be most familiar with its own governing law, but may have to apply the law of its neighbor state. These factors therefore are neutral.

Plaintiff has chosen this forum, and this factor therefore weighs against transfer. However, the Court places less value on the plaintiff's chosen forum where the plaintiff does not reside in the forum state. Gemini Capital Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998). Flynn does not live in Nevada, and thus his choice of Nevada is entitled to less weight than if he lived here.

///

Flynn and Defendants voluntarily interjected themselves into this state by filing pro hac vice applications to appear in this Court and represent Montgomery in actions in Nevada. According to the Complaint, Defendants then purposefully and knowingly submitted a perjured declaration to this Court and filed other papers in bad faith in the proceedings in this Court. Flynn alleges Defendants did so to circumvent and countermand the Court's jurisdiction and orders, and the application of Nevada law. These contacts are related to Flynn's claims in this case, as discussed above with respect to venue. These factors weigh against transfer.

The differences in the costs of litigation in the two forums weighs slightly in favor of transfer. Because all Defendants are located in California, Plaintiff has a temporary residence in California, and no one lives in Nevada, the costs of litigation likely would be less in California than in Nevada. However, given the proximity of Nevada to California and the modern technological aids now available, the costs would not be significantly greater in Nevada.

The question of the availability of compulsory process to compel attendance of unwilling non-party witnesses is neutral. The primary witness outside of the parties is Montgomery. At different times, Montgomery has claimed Nevada, California, and Washington as his residence. The record before the Court does not disclose where Montgomery presently resides. Defendants contend witnesses relating to the California superior court action and fee arbitration petition are located in California, but the California superior court proceedings are a matter of public record and it is unclear what witnesses beyond the parties and Montgomery would be required to testify about those proceedings. Likewise, the parties already have obtained the decision in the fee arbitration petition and no one disputes the authenticity of that document. It is unclear what witnesses beyond the parties and Montgomery would be needed to address that proceeding. Flynn contends the majority of non-party witnesses are located in Nevada, because eTreppid employees are

1  located in Reno.  However, it is difficult to discern at this stage of the proceedings what
2  information eTreppid employees would have regarding the conduct of Defendants Klar and
3  Pham in representing Montgomery as against Flynn.  Accordingly, the Court finds this
4  factor is neutral.
5           Finally, the ease of access to sources of proof weighs in favor of transfer.
6  Defendant Liner Firm's records are located in California.  Flynn does not state where his
7  records and computer are located, but Flynn does not reside or have an office in Nevada,
8  and thus his records and computer are likely either at his temporary residence in California
9  or in Massachusetts.  Records relating to the California state court proceedings and fee
10 arbitration dispute will be located in California but are readily available, as the parties
11 already have submitted them to this Court.  This Court's proceedings in the eTreppid case
12 likely will be a source of proof, but the Court's record is subject to judicial notice and
13 publicly available.  As mentioned above, it is unclear where Montgomery's records and any
14 evidence he may have relating to Flynn's computer hacking claims are located.
15          Balancing the factors, Defendants have not shown that transfer upsetting
16 Plaintiff's choice of forum is appropriate.  Most of the factors are either neutral or weigh
17 against transfer.  The Court therefore will deny Defendants' motion to transfer.
18          **D.  Failure to State a Claim**
19          Defendants move to dismiss Plaintiff's claims for failure to state a claim.
20 Plaintiff responds by relying on his opposition to Defendant Liner Firm's separately-filed
21 motion to dismiss, which Plaintiff contends raises the same arguments.
22          In considering a motion to dismiss, "all well-pleaded allegations of material fact
23 are taken as true and construed in a light most favorable to the non-moving party."  Wyler
24 Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation
25 omitted).  However, the Court does not necessarily assume the truth of legal conclusions
26 merely because they are cast in the form of factual allegations in the plaintiff's complaint.

See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555.

### 1.  Abuse of Process/Malicious Prosecution

Defendants move to dismiss these claims to the extent they are based on the fee arbitration petition and the Massachusetts state bar complaint because Defendants are immune from civil liability for filing a complaint with a state bar association.[2]  Defendant Flynn does not respond to this argument.

Flynn's failure to respond to this argument constitutes consent to granting the motion.  LR 7-2(d).  Moreover, complaints made to a bar association which is empowered by law to initiate quasi-judicial proceedings are privileged.  See Chen v. Fleming, 194 Cal. Rptr. 913, 914 (Cal. App. Ct. 1983) (citing Cal. Civ. Code § 47); In re Lupo, 851 N.E.2d 404, 411 n.24 (Mass. 2006) (citing Supreme Court Judicial Rule 4:01, § 9(1)).  Consequently, the Court will dismiss with prejudice Flynn's abuse of process and malicious prosecution claims against Defendants Klar and Pham to the extent they are based on initiation of the fee arbitration petition or the Massachusetts state bar complaint.

### 2.  Aiding and Abetting 18 U.S.C. § 1030 and Invasion of Privacy

Defendants Klar and Pham argue these claims must be dismissed because Flynn fails to allege any facts indicating what acts Klar and Pham took to aid and abet Montgomery's alleged hacking, or what they did personally to invade Flynn's privacy.

---

[2] Defendants Klar and Pham also join in Defendant Liner Firm's arguments to dismiss these and other claims.  The Court will resolve by separate order those matters where the arguments of Klar and Pham overlap with Defendant Liner Firm, and thus will not address them here.

Flynn does not respond to this argument.

Flynn's failure to respond to this argument constitutes consent to granting the motion.  LR 7-2(d).  Further, Flynn's aiding and abetting and invasion of privacy claims are lacking in factual detail sufficient to put Defendants on notice as to what the claims against them are.  Flynn does not state when Montgomery allegedly hacked into Flynn's computer, what information he obtained, or what Klar or Pham did to aid and abet the hacking and/or invasion of privacy.  Flynn alleges Klar and Pham "used" the information Montgomery obtained against Flynn, but does not indicate how they did so.  Flynn therefore does not allege facts showing a plausible entitlement to relief on these claims.  Accordingly, the Court will dismiss these claims without prejudice.

### 3.  Negligent Infliction of Emotional Distress/Negligence

Defendants Klar and Pham argue they owe no legal duty to Flynn, and thus cannot be liable for negligent infliction of emotional distress or negligence.  Flynn responds that as a member of the public, Klar and Pham owed him a duty as lawyers owe duties to opposing counsel, the court, and the public under the ethical rules.

An essential element of a negligence claim is that the defendant owed a duty of care to the plaintiff.  See Ortega v. Kmart Corp., 36 P.3d 11, 14 (Cal. 2001); Butler ex rel. Biller v. Bayer, 168 P.3d 1055, 1065 (Nev. 2007).  Whether a duty exists is a question of law for the Court.  See Delgado v. Am. Multi-Cinema, Inc., 85 Cal. Rptr. 2d 838, 840 (Cal. App. Ct. 1999); Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001).

To the extent California law applies to these claims, California determines "whether the duty undertaken by an attorney extends to a third person not in privity" by balancing various factors.  Navellier v. Sletten, 262 F.3d 923, 934 (9th Cir. 2001) (applying California law.  These factors include:

> (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the

> connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." Id. (quotations omitted). In considering whether to imply a duty to a third party, the Court must consider whether doing so "would be contrary to the sound policy requiring [an attorney's] undivided loyalty to his clients.

Id. at 935.

Weighing these factors, the Court concludes Defendants Klar and Pham owed no duty to Flynn supporting any negligence claims under California law. By representing Montgomery, Klar and Pham undertook no duty of care to Montgomery's former counsel. Flynn was not an intended beneficiary of Klar and Pham's advice to Flynn. To the contrary, Montgomery was in an adversarial position with Flynn and Klar and Pham were representing Montgomery's interest adversely to Flynn. It perhaps was foreseeable that Flynn would be harmed by Klar's and Pham's alleged negligence, although one would expect the client, not his adversary, to be harmed by his own attorney's negligence. Flynn alleges he suffered injury from Defendants' conduct. To the extent these two claims sound in negligence, rather than intentional misconduct, the moral blame is attenuated. As to the policy of preventing future harm, the Court concludes greater harm would come from recognizing a duty than not recognizing a duty under these circumstances when considered in light of the duty of undivided loyalty an attorney owes to his client. Requiring an attorney to consider potential civil liability to opposing counsel if he vigorously pursues his client's position would undermine the attorney-client relationship and the duties counsel owes to his client. The Court therefore concludes that Klar and Pham owed no duty to Flynn as a matter of California law.

To the extent Flynn's negligence claims arise under Nevada law, a duty exists when "such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other." Lee, 22 P.3d at 212 (quotation omitted). In Nevada, a civil action cannot be based on a violation of ethical rules "because the rules

were not meant to create a cause of action for civil damages." Mainor v. Nault, 101 P.3d 308, 321 (Nev. 2004); In re Jane Tiffany Living Trust 2001, U/A/D Nov. 5, 2001, 177 P.3d 1060, 1064 (Nev. 2008). However, the rules may serve "as evidence of the duty of care owed by an attorney to his or her client." Stalk v. Mushkin, 199 P.3d 838, 843 n.2 (Nev. 2009). Thus, the duty runs from the attorney to his client, not to opposing counsel.

Flynn has not cited any law that would support a finding under Nevada law that an attorney's breach of the ethical rules subjects him to civil liability to opposing counsel. As discussed with respect to California law, imposing such a duty would undermine the attorney-client relationship. That an attorney owes duties to the Court and opposing counsel under the ethical rules does not place opposing counsel in such a relation that the community will impose a legal duty upon one counsel for the benefit of his opposing counsel for civil liability to attach. Rather, Nevada has opted for the public remedy of court-ordered sanctions and discipline by the state bar to remedy any such violations. The Court concludes that Defendants Klar and Pham owed no duty as a matter of Nevada law to Flynn. The Court therefore will dismiss with prejudice Flynn's negligence-based claims against Defendants Klar and Pham.

### 4. Civil Conspiracy

Defendants Klar and Pham argue they cannot be liable under Nevada law for conspiring with their own clients. Klar and Pham also argue that under California law, no claim alleging a conspiracy between an attorney and her client may be brought unless the court enters an order allowing the pleading to be filed. Flynn does not respond to these arguments.

Flynn's failure to respond to these arguments constitutes consent to granting the motion. LR 7-2(d). Moreover, under Nevada law, an agent cannot conspire with her principal where the agent acts in her official capacity on her principal's behalf and not as an individual for her individual advantage. Collins v. Union Fed. Sav. & Loan Ass'n , 662

1  P.2d 610, 622 (Nev. 1983).  Flynn alleges Defendants Klar and Pham conspired with their

2  clients, Montgomery and Edra Blixseth.  Flynn does not set forth any factual allegations

3  suggesting Klar and Pham were acting as individuals for their individual advantage.  The

4  Court therefore will dismiss without prejudice the civil conspiracy claim to the extent it

5  arises under Nevada law.

6        Under California law,

> No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action.  The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based.

14 Cal. Civ. Code § 1714.10(a).  It is undisputed Flynn did not comply with these

15 requirements.  Consequently, to the extent Flynn's civil conspiracy claim arises under

16 California law, the Court will dismiss it without prejudice.

17                5.  Amendment

18       If the Court grants a motion to dismiss, it then must decide whether to grant leave

19 to amend the complaint.  Federal Rule of Civil Procedure 15(a) counsels that courts should

20 grant leave to amend "freely."  See also Foman v. Davis, 371 U.S. 178, 182 (1962).

21 Accordingly, "[i]f a complaint is dismissed for failure to state a claim, leave to amend

22 should be granted unless the court determines that the allegation of other facts consistent

23 with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co.

24 v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

25       To the extent the Court has dismissed any of Plaintiff's claims without prejudice,

26 Plaintiff may be able to cure the deficiencies.  The Court therefore will grant Plaintiff leave

to amend to cure the deficiencies identified in this Order.  Plaintiff shall file an amended complaint on or before November 16, 2010.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendants Deborah Klar's and Teri Pham's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue or, in the Alternative, to Transfer this Action to the Central District of California; Motion to Dismiss for Failure to State a Claim; Joinder in Motion to Dismiss Filed on Behalf of the Liner Firm (Doc. #27) is hereby GRANTED in part and DENIED in part.  The motion is granted in that (1) Plaintiff Flynn's abuse of process and malicious prosecution claims against Defendants Klar and Pham are hereby dismissed with prejudice to the extent they are based on initiation of the fee arbitration petition or the Massachusetts state bar complaint; (2) Plaintiff Flynn's aiding and abetting and invasion of privacy claims against Defendants Klar and Pham are hereby dismissed without prejudice; (3) Plaintiff Flynn's negligent infliction of emotional distress and negligence claims against Defendants Klar and Pham are hereby dismissed with prejudice; and (4) Plaintiff Flynn's civil conspiracy claim against Defendants Klar and Pham is hereby dismissed without prejudice.  The motion is denied in all other respects.

IT IS FURTHER ORDERED that Plaintiff Michael Flynn shall have to and including November 16, 2010 to file an amended complaint correcting the deficiencies identified in this Order.

IT IS FURTHER ORDERED that Plaintiff Flynn's Motion to Supplement Record in Connection with Klar/Pham Motion to Dismiss (Doc. #37) is hereby GRANTED.

DATED: October 15, 2010

_____
PHILIP M. PRO
United States District Judge