1

2

3

4                        UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                      * * *
                                        )
7  MICHAEL J. FLYNN,                    )
                                        )          3:09-CV-00422-PMP-RAM
8              Plaintiff,               )
                                        )
9  v.                                   )
                                        )
   LINER GRODE STEIN YANKELEVITZ        )          ORDER
10 SUNSHINE REGENSTREIF & TAYLOR        )
   LLP, DEBORAH A. KLAR, and TERI       )
11 PHAM,                                )
                                        )
12             Defendants.              )
                                        )
13 ─────────────────────────────────── )

14         Presently before the Court is Defendant Liner Firm's Motion to Dismiss (Doc.

15 #8) and request for judicial notice (Doc. #10),[1] filed on September 11, 2009.  Plaintiff

16 Michael Flynn filed an Opposition (Doc. #19) on October 13, 2009.  Defendant filed a

17 Reply (Doc. #25) on October 27, 2009.  Defendants Deborah Klar and Teri Pham filed a

18 Joinder in Motion to Dismiss Filed on Behalf of the Liner Firm (Doc. #27) on October 28,

19 2009.

20         Also before the Court is Defendant Liner Firm's Motion to Strike (Doc. #9), filed

21 on September 11, 2009.  Plaintiff filed an Opposition (Doc. #21) on October 13, 2009.

22 Defendant filed a Reply (Doc. #24) on October 27, 2009.  This action was reassigned to the

23 ───────────────────

24      [1]  The Court may take judicial notice of matters of public record without converting a motion
   to dismiss into one for summary judgment.  U.S. v. 14.02 Acres of Land More or Less in Fresno
25 County, 547 F.3d 943, 955 (9th Cir. 2008).  The Court also may consider documents not attached to
   the complaint, but the contents of which the plaintiff alleges in the complaint or documents upon which
26 the plaintiff's claim depends, where the parties do not challenge the documents' authenticity.  Knievel
   v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

1  undersigned on July 7, 2010.

2  **I. BACKGROUND**

3          Plaintiff Michael Flynn ("Flynn") is an attorney licensed in Massachusetts who

4  appeared pro hac vice in this Court in the case of Dennis Montgomery v. eTreppid

5  Technologies, 3:06-CV-00056-PMP-VPC ("eTreppid case").  (Compl. (Doc. #1) at 2.)

6  Defendant Liner, Grode, Stein, Yankelevitz, Sunshine, Regenstreif & Taylor, LLP ("Liner

7  Firm") is a law firm based in Los Angeles, California.  (Id.)  Defendants Deborah Klar

8  ("Klar") and Teri Pham ("Pham") are attorneys who previously were partners in the Liner

9  Firm.  (Id.)  Pham and Klar also appeared pro hac vice in the eTreppid case, representing

10  Dennis Montgomery ("Montgomery") following Flynn's withdrawal as Montgomery's

11  attorney.  (Id.)

12          Flynn alleges that Klar, Pham, and the Liner Firm initiated several state court and

13  administrative proceedings against him in an effort to force him to turn over Montgomery's

14  client file without Montgomery having to pay attorney's fees he owed Flynn or having to

15  post a bond for such fees.  (Id. at 3.)  Specifically, Flynn alleges Defendants initiated an

16  action in California superior court, filed to applications for writ of possession in the

17  California superior court action, filed a fee arbitration petition in San Diego, filed a bar

18  complaint with the Massachusetts state bar, filed a perjurious declaration in the California

19  and Nevada proceedings, and filed other "pleadings" in the California and Nevada actions

20  in bad faith.  (Id. at 3-4.)  Flynn alleges Defendants did so in an abusive manner, relying on

21  a perjured affidavit by Montgomery, thus knowing that no basis existed for pursuing the

22  actions in California.  (Id. at 3-5.)  Flynn further alleges Defendants engaged in these

23  activities in a concerted effort to circumvent Nevada law which permits Flynn to exercise a

24  retaining lien over the client file, to avoid this Court's jurisdiction to enforce the retaining

25  lien, and to evade this Court's supervision of state secrets contained within Montgomery's

26  client file.  (Id.)

1    Based on this conduct, Flynn brings claims for abuse of process under Nevada
2  law (count one), malicious prosecution under California law (count two), intentional
3  infliction of emotional distress (count four), negligent infliction of emotional distress (count
4  five), violation of rules and statutes (count six), negligence (count eight), and conspiracy
5  (count nine).  Flynn further asserts that Defendants aided and abetted Montgomery hacking
6  into Flynn's computer and using the information obtained in the fee dispute proceedings.
7  (Id. at 6-7.)  Flynn brings claims for aiding and abetting violations of 18 U.S.C. § 1030
8  (count three) and invasion of privacy (count seven) based on these allegations.

9    Defendant Liner Firm now moves to dismiss, arguing Plaintiff fails to state a
10 claim on each count of the Complaint for various reasons.  Defendants Klar and Pham join
11 in Defendant Liner Firm's arguments.  Plaintiff opposes the motion.

12 **II.  LEGAL STANDARD**

13    In considering a motion to dismiss, "all well-pleaded allegations of material fact
14 are taken as true and construed in a light most favorable to the non-moving party."  Wyler
15 Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation
16 omitted).  However, the Court does not necessarily assume the truth of legal conclusions
17 merely because they are cast in the form of factual allegations in the plaintiff's complaint.
18 See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a
19 strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock
20 Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual
21 allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550
22 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions,
23 [or] a formulaic recitation of the elements of a cause of action."  Id. at 555.

24 ///
25 ///
26 ///

**III.  DEFENDANT LINER FIRM'S MOTION TO DISMISS (Doc. #8)**

      **A.  Abuse of Process**

      Defendant Liner Firm argues that although Flynn asserts this claim under Nevada law, California law actually governs the claim.  Defendant Liner Firm further argues that under California law, the litigation privilege bars an abuse of process claim.  Finally, Defendant Liner Firm argues that Plaintiff has not alleged an improper purpose, as each action was filed for the purpose for which it was designed, i.e., to compel Flynn to turn over the client file to Montgomery.

      Plaintiff responds that Nevada law applies and he adequately has alleged an abuse of process claim, and the Court's sanctions order in the eTreppid case sets forth the facts demonstrating Defendant Liner Firm acted with an ulterior purpose and not in the regular conduct of the proceedings.  Plaintiff also argues he adequately states a claim for abuse of process because every court that heard Defendant Liner Firm's claims that Plaintiff was a California lawyer rejected that position.  Additionally, Plaintiff argues this Court's order imposing sanctions on Defendants in the eTreppid case found Defendant Liner Firm initiated the other actions for the improper purpose of harassing Plaintiff.  Plaintiff contends the litigation privilege does not apply to this type of claim.

      1.  Choice of Law

      The Court applies "state substantive law to state law claims, including the forum state's choice of law rules."  Love v. Assoc. Newspapers, Ltd. 611 F.3d 601, 610 (9th Cir. 2010).  Nevada applies the "most significant relationship test" from the Restatement (Second) of Conflict of Laws § 145 to decide choice-of-law issues in tort actions "unless another, more specific section of the Second Restatement applies to the particular tort."  Gen. Motors Corp. v. Eighth Judicial Dist. Ct. of State of Nev. ex rel. County of Clark, 134 P.3d 111, 116 (Nev. 2006).

///

The Second Restatement has a section specific to abuse of process claims.  Under § 155,

> [t]he rights and liabilities of the parties for malicious prosecution or abuse of process are determined by the local law of the state where the proceeding complained of occurred, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Pursuant to § 6,

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
> 　　(a) the needs of the interstate and international systems,
> 　　(b) the relevant policies of the forum,
> 　　(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> 　　(d) the protection of justified expectations,
> 　　(e) the basic policies underlying the particular field of law,
> 　　(f) certainty, predictability and uniformity of result, and
> 　　(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws, § 6.  "These principles are not intended to be exclusive and no one principle is weighed more heavily than another."  Gen. Motors Corp., 134 P.3d at 117.  "The law selected by application of the rule of § 145 determines whether a person is excused from liability by reason of the fact that his action was required or privileged by the local law of the state where he acted."  Restatement (Second) of Conflict of Laws § 163.

Nevada does not have a statutory directive regarding choice of law in an abuse of process case.  The needs of the interstate and international systems do not favor California or Nevada law in this instance.  Nevada courts have an interest in ensuring litigants do not resort to abusing process in other jurisdictions to evade Nevada court orders or Nevada court jurisdiction over matters properly brought before Nevada courts.  However, other states have an interest in ensuring their own judicial processes are not used for improper

purposes.  Restatement (Second) of Conflict of Laws § 155 cmt. b ("The state where the proceeding complained of occurred has a natural interest in determining the extent to which resort to its legal processes is to be inhibited by the possibility that a person making use of these processes will be held liable for malicious prosecution or abuse of process.").

The protection of justified expectations weighs in favor of applying California law because a party would expect the court from which the challenged process issued to vindicate any abuse of the court's authority.  Flynn alleges Defendants issued process by initiating the California state court proceeding.  Flynn does not allege any issue of process in a Nevada court proceeding.  Rather, Flynn alleges Defendants filed a perjured declaration and filed other "pleadings" in bad faith.  California law thus should control because the only alleged process was issued in California.

Because an abuse of process claim depends on process issued from a court which exercises its power in the forum in which it is located, the basic policies underlying the particular field of law also weigh in favor of applying California law.  Additionally, certainty, predictability, and uniformity of result support applying California law in this instance, as it is certain, predictable, and supports uniformity to apply the law of the forum from which the process issued and where the alleged abuse of process occurred, even if the alleged abuse of process had impact elsewhere.  Finally, California's law regarding abuse of process is easily determined and applied. The Court therefore concludes that under Nevada's choice of law rules, Nevada would apply California law to Flynn's abuse of process claim.

## 2.  Privilege

Under California law, a publication made in any judicial proceeding is privileged. Cal. Civ. Code § 47(b).  Although the privilege originally applied only to defamation claims, the privilege now applies to "all torts except malicious prosecution."  Rusheen v. Cohen, 128 P.3d 713, 718 (Cal. 2006).  "The [p]leadings and process in a case are generally

viewed as privileged communications." <u>Id.</u> at 719 (quotation omitted).  Additionally, the privilege "has been applied specifically in the context of abuse of process claims alleging the filing of false or perjurious testimony or declarations." <u>Id.</u>

Here, Flynn alleges Defendants abused process by initiating the California state action based on Montgomery's perjurious declaration.  Both the pleadings and the use of the perjured declaration fall within California's litigation privilege.  The Court therefore will dismiss with prejudice Flynn's abuse of process claim against Defendants Liner Firm, Klar, and Pham.

3.  Process by a State Bar

Flynn also alleges abuse of process arising from Defendants filing a Massachusetts bar complaint against Flynn.  Under the same analysis articulated above, to the extent Flynn's abuse of process claim arises out of the Massachusetts bar complaint, Massachusetts law controls.

In Massachusetts, to state an abuse of process claim the plaintiff must allege the defendant used process for an ulterior or illegitimate purpose resulting in damage to the plaintiff.  <u>Keystone Freight Corp. v. Bartlett Consol., Inc.</u>, 930 N.E.2d 744, 751 (Mass. App. Ct. 2010).  The term "process" means "causing papers to be issued by a court to bring a party or property within its jurisdiction."  <u>Vittands v. Sudduth</u>, 730 N.E.2d 325, 332 n.9 (Mass. App. Ct. 2000) (quotation omitted).  Abuse of process cases in Massachusetts generally have been limited to the issuance of writs of attachment, the process used to institute a civil action, and, the process used to institute criminal charges.  <u>Jones v. Brockton Public Markets, Inc.</u>, 340 N.E.2d 484, 486 (Mass. 1975).

A third party's complaint to a state bar is not "process" within the meaning of Massachusetts abuse of process law.  It is neither issued by a court, nor does it bring a party within a court's jurisdiction.  The Court therefore will dismiss with prejudice Flynn's abuse of process claim to the extent it rests on the Massachusetts state bar complaint.

7

**B.  Malicious Prosecution**

Defendant Liner Firm contends that Plaintiff fails to state a malicious prosecution claim because the application for writ of possession is merely a remedy, and does not constitute an independent proceeding.  Additionally, Defendant Liner Firm contends the bar proceedings cannot support the malicious prosecution claim because the bar complaints led only to investigations, not formal proceedings.  Finally, Defendant Liner Firm argues Plaintiff failed to allege favorable termination on the merits.

Plaintiff responds that administrative proceedings may form the basis of a malicious prosecution claim.  Plaintiff contends each action may support the malicious prosecution claim, as Defendant Liner Firm pursued the proceedings in violation of three court orders for the improper purpose of harassing Plaintiff.

Flynn brings this claim under California law, and for the same reasons as articulated above with respect to abuse of process, the Court agrees with Flynn that California law applies to this claim, except for the alleged malicious prosecution of the Massachusetts bar complaint, to which Massachusetts law applies.[2]  California's litigation privilege does not apply to malicious prosecution claims.  <u>Rusheen</u>, 128 P.3d at 718.

1.  California

To state a malicious prosecution claim under California law, the plaintiff must allege: (1) the defendant commenced or continued a lawsuit; (2) without probable cause; (3) the lawsuit terminated in the plaintiff's favor; and (4) the prior lawsuit was initiated with malice.  <u>Daniels v. Robbins</u>, 105 Cal. Rptr. 3d 683, 693 (Cal. App. Ct. 2010); <u>Zamos v. Stroud</u>, 87 P.3d 802, 810 (Cal. 2004).  A favorable termination does not necessarily mean a trial on the merits.  Other types of successful results, such as a voluntary dismissal, dismissal for failure to prosecute, or some dismissals for discovery violations, such as

---

[2] Nevada does not recognize a claim for malicious prosecution of a civil action.  <u>See</u> <u>LaMantia v. Redisi</u>, 38 P.3d 877, 880 (Nev. 2002).

where the losing party refused to sit for his own deposition, may constitute favorable termination to support a malicious prosecution action.  Daniels, 105 Cal. Rptr. 3d at 693-94. The rationale for treating these as favorable terminations is that it is a fair assumption that a plaintiff would not fail to prosecute, voluntarily dismiss, or refuse to participate in discovery in an action that had merit.  Id.

"The tort of malicious prosecution requires the initiation of a full-blown action . . .; subsidiary procedural actions within a lawsuit such as an application for a restraining order or for a lien will not support a claim of malicious prosecution." Adams v. Superior Ct., 2 Cal. App. 4th 521, 528 (Cal. App. Ct. 1992); Zamos, 87 P.3d at 809 n.8.  California adopts this rule because permitting a malicious prosecution claim based on subsidiary actions within a lawsuit "would disrupt the ongoing lawsuit by injecting tort claims against the parties' lawyers and because the appropriate remedy for actions taken within a lawsuit lies in the invocation of the court's broad powers to control judicial proceedings." Adams, 2 Cal. App. 4th at 528.  Further, "[i]nvestigations which do not lead to initiation of proceedings before an official body or administrative board having the power to take action adversely affecting legally protected interests of the accused are not a sufficient basis upon which to found an action for malicious prosecution." Lebbos v. State Bar, 165 Cal. App. 3d 656, 670 (Cal. App. Ct. 1985).

The two motions for writ of possession filed in the California superior court cannot, in and of themselves, support a malicious prosecution claim because they were subsidiary procedural actions taken within the California superior court lawsuit, not full blown actions.  Additionally, the fee arbitration petition did not proceed past the investigatory stage and did not lead to initiation of formal proceedings.  Consequently, it also cannot form the basis of a malicious prosecution claim.

With respect to the California superior court action, Flynn has not alleged that action terminated on the merits in his favor nor could he.  The California action sought to

compel Flynn to return to Montgomery the client file and to prevent Flynn from disclosing confidential attorney-client communications.  (Def. Liner Firm's Mot. to Dismiss (Doc. #8), Ex. A.)  The California superior court action did not rule on either of this issues.  Rather, the California superior court action resulted in dismissal for lack of proof of service and on forum non conveniens grounds.  (Def. Liner Firm's Request for Judicial Notice (Doc. #10), Ex. 1.)  While Flynn succeeded in keeping the file dispute in Nevada for resolution, he did not succeed on a merits-based ruling in the California action that he was entitled to keep the file and/or should not be enjoined from making certain disclosures.[3]  Flynn therefore has not and cannot state a claim for malicious prosecution in relation to the California superior court action.  The Court therefore will grant Defendants' motion to dismiss this claim to the extent it is based on any of the California conduct.

### 2.  Massachusetts

In Massachusetts, "[t]o prevail on a claim for malicious prosecution, a plaintiff must establish that he was damaged because the defendant commenced the original action without probable cause and with malice, and that the original action terminated in his favor."  Chervin v. Travelers Ins. Co., 858 N.E.2d 746, 753 (Mass. 2006).  As with the California superior court proceeding, Flynn has not and cannot allege favorable termination in his favor.  The Massachusetts state bar dismissed the complaint because this Court had entered orders concerning the surrender of the files, and the Massachusetts state bar determined that this Court was "the more appropriate forum to determine the procedures and restrictions with respect to transfer of the file in these circumstances . . . ."  (Def. Liner Firm's Request for Judicial Notice, Ex. 3.)  In fact, the Massachusetts state bar suggested that it would reach a result unfavorable to Flynn if it were to resolve the issue itself.  (Id.)  The Court therefore will dismiss with prejudice Flynn's malicious prosecution claim to the

---

[3]  The fee arbitration petition likewise was not terminated on the merits, but was dismissed for lack of jurisdiction.  (Def. Liner Firm's Request for Judicial Notice, Ex. 2.)

1    extent it is based on the Massachusetts bar complaint.

2         **C.  Aiding and Abetting 18 U.S.C. § 1030 Violation**

3              Defendant Liner Firm argues Flynn's claim under 18 U.S.C. § 1030 fails because

4    the Complaint fails to allege the computer which Montgomery allegedly hacked into was

5    used in interstate commerce, or that Plaintiff suffered economic damage or loss as defined

6    under the applicable statute.  Plaintiff responds that he has alleged the interstate commerce

7    prong because he alleged he was a Massachusetts attorney representing a California resident

8    in a Nevada civil action.  Plaintiff contends he also alleged personal injury and loss

9    supporting his damages.

10             Title 18 U.S.C. § 1030(a)(2)(C) prohibits a person from intentionally accessing a

11   computer without authorization or exceeding authorized access, and thereby obtaining

12   "information from any protected computer."  A "protected computer" means a computer

13   "which is used in or affecting interstate or foreign commerce or communication . . . ."  18

14   U.S.C. § 1030(e)(2)(B).

15             Section 1030(g) provides a civil action for "[a]ny person who suffers damage or

16   loss by reason of a violation of this section."  An aggrieved person may obtain

17   compensatory damages as well as injunctive or other equitable relief.  Id. § 1030(g).

18   However, a plaintiff may bring a civil action under § 1030(g) "only if the conduct involves

19   1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."

20   Id.  Additionally, "[d]amages for a violation involving only conduct described in subsection

21   (c)(4)(A)(i)(I) are limited to economic damages."  Id.  The factors in subsection (c)(4)(A)(i)

22   are:

23             (I) loss to 1 or more persons during any 1-year period (and, for
               purposes of an investigation, prosecution, or other proceeding brought
24             by the United States only, loss resulting from a related course of
               conduct affecting 1 or more other protected computers) aggregating at
25             least $5,000 in value;
               (II) the modification or impairment, or potential modification or
26             impairment, of the medical examination, diagnosis, treatment, or care

of 1 or more individuals;
(III) physical injury to any person;
(IV) a threat to public health or safety;
(V) damage affecting a computer used by or for an entity of the United
States Government in furtherance of the administration of justice,
national defense, or national security . . . .

Consequently, a plaintiff must allege one of these factors to state a claim under § 1030(g).

### 1.  Interstate Commerce

Viewing the facts alleged in the Complaint and the reasonable inferences therefrom in the light most favorable to Plaintiff, the Complaint adequately alleges the computer is a protected computer used in interstate commerce or communication.  Flynn alleges he is a Massachusetts attorney who represented Montgomery on a pro hac vice status in a civil action in Nevada.  As Flynn does not allege he lived or had an office in Nevada, a reasonable inference is that he used his computer either in Massachusetts or at his temporary residence in California to prepare documents for his representation of Montgomery in the Nevada action, for which he expected to be compensated.  The Court therefore will deny Defendants' motion to dismiss the claim on this basis.

### 2.  Subsection (c)(4)(A)(i) Factors

To state a § 1030(g) claim, Flynn must allege facts supporting one of the factors set forth in subsection (c)(4)(A)(i).  Factors II, IV, and V of subsection (c)(4)(A)(i) do not apply, as Flynn does not allege anything related to medical records or a threat to public health or safety, and Flynn does not allege his computer was used by or for an entity of the United States Government.  Flynn contends that he alleges physical injury under factor III.  However, Flynn's allegation of physical injury is not set forth in his claim under § 1030 and does not allege how the computer hacking caused him physical injury.  Even where Flynn alleges physical injury in his emotional distress claim, it is a conclusory allegation devoid of facts.

///

12

Additionally, Flynn contends he alleged loss under factor I.  Damages under factor I are limited to economic damages for a "loss."  Loss is defined as--

> any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11).  Flynn alleges he lost over $600,000 in attorney's fees and incurred over $400,000 in costs defending against Defendants' conduct.  However, he does not allege any costs incurred by responding to the hacking itself, conducting a damage assessment, restoring data, or other consequential damages incurred because of an interruption in service.  While Flynn cites to cases which permit a plaintiff to recover for the cost of discovering the identity of the individual who has accessed protected information, Flynn does not allege in his Complaint that he suffered any such costs.  Flynn therefore has failed to allege facts supporting a plausible entitlement to relief on this claim.  The Court therefore will dismiss this claim without prejudice.

**D.  Negligent and Intentional Infliction of Emotional Distress**

Defendant Liner Firm argues Plaintiff fails to state a claim because Plaintiff fails to plead emotional distress or physical injury, and the conduct of filing judicial and administrative filings does not amount to outrageous conduct, nor is it foreseeable that such filings would cause Plaintiff emotional distress.  Plaintiff responds that whether he has alleged outrageous conduct is a jury question, and courts have found outrageous conduct on less compelling facts than those pled by Plaintiff.  Plaintiff also asserts he pled physical injury.  As to negligent infliction of emotional distress, Plaintiff argues that Defendant Liner Firm had duties under the Nevada Rules of Professional Conduct, and Defendant Liner Firm breached the standard of care as set forth in the Rules, causing Plaintiff harm.

Under the most significant relationship test from the Restatement (Second) of Conflict of Laws § 145(1), the Court should apply the law of the state "which, with respect

to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6."  In applying § 6, the Court should consider contacts such as:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflicts of Laws § 145(2).

Nevada does not have a statutory directive regarding choice of law in emotional distress cases.  The Second Restatement also does not have a particular section devoted to emotional distress torts, although it provides that for personal injury actions, the law of the state where the injury occurred controls unless some other state has a more significant relationship under the principles stated in § 6.  Id. § 146.

Here, it is unclear where Flynn's emotional distress occurred.  Flynn would suffer emotional distress where he is physically located.  Although he asserts he suffered emotional distress in Nevada, Flynn does not reside in Nevada and made only sporadic appearances at court hearings in the state.  Flynn's domicile is Massachusetts, and he also has a temporary residence in California.  Thus, the injury occurred either in Massachusetts or California, but not Nevada.

Because the location of injury is unclear, the Court will examine the factors under § 6.  The needs of the interstate and international systems are not affected by whether the Court applies California, Massachusetts, or Nevada law to Flynn's emotional distress claims.  Nor do Nevada's relevant policies suggest the application of one state's law over another's in these circumstances.

California, Nevada, and Massachusetts have an interest in these matters because the conduct causing the injury occurred in each of these states.  Flynn alleges Defendants initiated baseless actions in California and Massachusetts, filed a perjured declaration in

California and Nevada, and filed papers in California and Nevada in bad faith.

The parties' relationship is not "centered" in any particular location.  The parties do not have a direct relationship.  Rather, they are attorneys who successively represented the same client.  Their "relationship" consists of a series of court and administrative proceedings in which Defendants represented Montgomery in his effort to obtain his client file from Flynn.  Those proceedings were in all three states, but two of the four proceedings were filed in California.  Defendants are California residents and most of their conduct occurred in California.  Because a majority of Defendants' alleged misconduct occurred in California, this factor tips slightly in favor of applying California law.

The protection of justified expectations likewise slightly favors California law.  A person would expect her alleged tortious conduct to be governed either by the law of the place where the injury occurred or the place where the tortious conduct occurred.  As discussed, it is unclear where the injury occurred, and the tortious conduct occurred in all three states, though slightly more conduct occurred in California than in Nevada or Massachusetts.

The basic policies underlying the particular field of law are not served by applying any particular state's law.  Because the Complaint here alleges no clear location of injury and alleges tortious conduct occurring in several states, certainty, predictability and uniformity of result do not strongly favor any particular state.  Each state's law on emotional distress is capable of easy determination and application, and this factor therefore does not weigh in favor of any particular state.

Determining which state's law applies to Flynn's emotional distress claims is a close call under these circumstances, but the Court concludes California law applies.  Because Flynn temporarily resided in California during the relevant period, he suffered at least some of the injury there.  Flynn did not reside in Nevada and thus he did not suffer emotional distress in Nevada.  Further, a majority of Defendants' alleged misconduct

occurred in California, not Nevada.  California law therefore applies to Flynn's emotional distress claims.

As discussed above with respect to Flynn's abuse of process claim, California's litigation privilege applies to "all torts except malicious prosecution."  Rusheen, 128 P.3d at 718.  The Court therefore will dismiss with prejudice Flynn's infliction of emotional distress claims.

### E.  Violations of Rules and Statutes

Defendant Liner Firm argues that no cause of action exists under 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, or the Nevada Rules of Professional Conduct.  Defendant Liner Firm also notes that Plaintiff did not comply with Rule 11 to support sanctions.  Plaintiff responds that although violations of the Nevada Rules of Professional conduct generally do not give rise to a cause of action, such violations support his other claims such as abuse of process, negligence, and intentional infliction of emotional distress.

Plaintiff concedes he has no claim under Federal Rule of Civil Procedure 11.  See Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 372 (9th Cir. 2005). Plaintiff does not respond to Defendants' argument that no private cause of action exists under 28 U.S.C. § 1927.  Flynn's failure to respond to these arguments constitutes consent to granting the motion.  LR 7-2(d).  Section 1927 does not contain an explicit right of action.  Moreover, § 1927's plain text suggests Congress did not intend to imply a private right of action.  Northstar Fin. Advisors, Inc. v. Schwab Investments, 615 F.3d 1106, 1115 (9th Cir. 2010) (stating that inquiry into whether statute creates a private right of action begins with statutory text and seeks to determine congressional intent).  Pursuant to § 1927, an attorney who unreasonably and vexatiously multiplies the proceedings "may be required by the court" to pay resulting costs, expenses, and attorneys' fees.  Consequently, § 1927 contemplates a court, not a private litigant, will enforce it.  Indeed, whether to award

sanctions under § 1927 lies within the Court's discretion.  See In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996).  Flynn therefore has not met his burden of establishing a private right of action exists under § 1927.  Northstar Fin. Advisors, Inc., 615 F.3d at 1115 (party seeking to imply private right of action bears burden of demonstrating it exists).

The Nevada Rules of Professional Conduct likewise do not support a private cause of action.  Mainor v. Nault, 101 P.3d 308, 321 (Nev. 2004) (affirming district court's dismissal of claims based on violations of ethical rules "because the rules were not meant to create a cause of action for civil damages").  Although the ethical rules are evidence of the standard of care in appropriate cases, no direct cause of action arises under the rules.  Id. Consequently, the Court will dismiss with prejudice Flynn's claim for violations of rules and statutes.

**F.  Invasion of Privacy**

Defendant Liner Firm argues Plaintiff fails to state a plausible entitlement to relief because the claim consists entirely of legal conclusions and unsupported conclusory allegations.  Plaintiff responds that he adequately alleged an expectation of privacy in the contents of his computer, that Montgomery hacked into his computer, and Defendant Liner Firm used the information Montgomery obtained against Plaintiff.

Plaintiff has failed to allege facts in support of his invasion of privacy claim. Plaintiff does not identify when Montgomery hacked into his computer, what information he obtained, what acts Defendants undertook that invaded Plaintiff's privacy, or how Defendants used the information Montgomery obtained.  Plaintiff therefore has not alleged facts suggesting a plausible entitlement to relief.  The Court will dismiss this claim without prejudice.

///

///

### G.  Negligence

Defendant Liner Firm argues California's litigation privilege bars the claim, Defendant owed no duty to Plaintiff, and Plaintiff cannot dress his claims under § 1927 and Rule 11 as negligence claims.  Plaintiff responds that he adequately has alleged negligence based on the duty Defendant Liner Firm owes to follow the Rules of Professional Conduct, Defendant breached that duty, and Plaintiff was harmed as a result.  As this Court already ruled with respect to Defendants Klar and Pham, Defendant Liner Firm owed no duty to Flynn under either California or Nevada law supporting a negligence claim.  The Court therefore will dismiss Plaintiff's negligence claim with prejudice.

### H.  Conspiracy

Defendant Liner Firm argues Plaintiff fails to plead an agreement to commit a wrongful act, the object of the conspiracy, or the overt acts taken in furtherance of the conspiracy.  Defendant Liner Firm also argues Plaintiff fails to plead the conspiracy for each substantive cause of action, and Plaintiff fails to plead any viable claim for relief.  Plaintiff responds that his conspiracy claim incorporates by reference all of the allegations in the Complaint, that he alleges Defendants acted together to achieve the unlawful object of precluding Plaintiff from recovering his fees and costs, and took predicate acts such as using Montgomery's perjured affidavit to support the various court and state bar proceedings.

Under California law, conspiracy "is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 457 (Cal. 1994).  "By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy."  Id.  Consequently, a civil conspiracy "does not give rise to a cause of action unless a civil wrong has been committed resulting in

damage." Id. (quotation omitted).  Nevada law is in accord.  Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety, 110 P.3d 30, 51 (Nev. 2005) (per curiam) (stating that "an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud"), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670, 672 n.6 (Nev. 2008).

Because Plaintiff has failed to allege an underlying tort at this stage of the proceedings, the Court also will dismiss the conspiracy claim.  To the extent Plaintiff may amend his Complaint to state a valid underlying tort claim, Plaintiff may attempt to plead a corresponding civil conspiracy claim.  However, Plaintiff should be mindful of this Court's ruling on Defendants Klar's and Pham's motion to dismiss that an attorney cannot conspire with his clients.  Additionally, Plaintiff must adequately allege facts supporting a civil conspiracy claim, and not simply make conclusory allegations of agreement.

**I. Amendment**

If the Court grants a motion to dismiss, it then must decide whether to grant leave to amend the complaint.  Federal Rule of Civil Procedure 15(a) counsels that courts should grant leave to amend "freely."  See also Foman v. Davis, 371 U.S. 178, 182 (1962).  Accordingly, "[i]f a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

To the extent the Court has dismissed any of Plaintiff's claims without prejudice, Plaintiff may be able to cure the deficiencies.  The Court therefore will grant Plaintiff leave to amend to cure the deficiencies identified in this Order.  Plaintiff shall file an amended complaint on or before November 16, 2010.

///

///

19

## IV. DEFENDANT LINER FIRM'S MOTION TO STRIKE (Doc. #9)

Defendant Liner Firm moves to strike certain allegations in the Complaint on the ground that the damages pled are not recoverable as a matter of law.  Defendant Liner Firm contends that Plaintiff's allegations that Defendant Liner Firm's conduct caused Plaintiff to lose over $600,000 in attorney's fees should be stricken for lack of proximate cause.  Defendant Liner Firm argues that the Complaint fails to allege how Defendant's conduct caused Plaintiff to lose legal fees and costs Montgomery owes Plaintiff.  Defendant notes that Plaintiff has obtained a judgment on the fees after all of Defendant's alleged misconduct was completed.  Consequently, Defendant's conduct could not have caused Plaintiff to lose the fees, as he has obtained a judgment thereon.  Defendant argues the fees are not "lost" due to Defendant's alleged conduct, rather the fees are simply uncollectable because Montgomery has filed for bankruptcy.

Defendant Liner Firm also moves to strike an allegation that the Firm "defrauded" Plaintiff, as Plaintiff has not pled fraud.  Defendant Liner Firm further moves to strike Plaintiff's request for damages for injury to his reputation, humiliation, embarrassment, mental suffering, inconvenience, anxiety, or emotional distress in relation to his claim under 18 U.S.C. § 1030.  Liner Firm argues only economic losses are recoverable under the statute.  Finally, Liner Firm moves to strike any claimed damages under Rule 11, as Plaintiff did not follow Rule 11's requirements in the underlying litigation.

Plaintiff responds that Defendant's motion to strike really is a motion to dismiss for failure to state a claim. Plaintiff further contends that none of the matters which Defendant seeks to strike are redundant, immaterial, impertinent, or scandalous, and therefore the Court should deny the motion to strike.  Alternatively, Plaintiff requests leave to amend.

///

Federal Rule of Civil Procedure 12(f) provides that the Court may strike "any redundant, immaterial, impertinent, or scandalous matter." A motion to strike properly may be directed at damages which are not recoverable as a matter of law, as such allegations would be immaterial to the action. Wilkerson v. Butler, 229 F.R.D. 166, 170, 172 (E.D. Cal. 2005); Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 & n.34 (C.D. Cal. 1996). However, when the defendant challenges the sufficiency of the factual allegations supporting damages, the motion should be made pursuant to Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(f). Paul v. Gomez, 190 F.R.D. 402, 404 (W.D. Va. 2000).

The Court will grant Defendant's motion to strike Plaintiff's request for damages in the form of "lost" attorney's fees. Flynn prevailed on his motion for attorney's fees in the eTreppid case and was awarded over $600,000 in attorney's fees. Consequently, Defendant's alleged misconduct did not cause Flynn to lose the attorney's fees. Flynn has obtained a Judgment on the attorney's fee award. (3:06-CV-00056-PMP-PAL, Doc. #902.) Montgomery since has filed for bankruptcy. (3:06-CV-00056-PMP-PAL, Doc. #1104.) However, Defendant's alleged conduct did not cause Flynn to "lose" fees for which he received a Judgment which since has become uncollectible through Montgomery's bankruptcy. Flynn cannot allege causation as a matter of law. Whether treated as a motion to strike or a motion to dismiss for failure to state a claim, Defendant Liner Firm is entitled to the relief sought. The Court therefore will strike the allegations regarding "lost" attorney's fees.

The Court also will grant Defendant Liner Firm's motion to strike any allegations that the Firm "defrauded" Plaintiff. If Plaintiff wants to plead fraud, he must do so with the requisite particularity under Federal Rule of Civil Procedure 9(b). Otherwise, extraneous allegations that Defendant defrauded Plaintiff are immaterial.

///

1   The Court will deny as moot Defendant Liner Firm's motion to strike Plaintiff's

2   request for damages for injury to his reputation, humiliation, embarrassment, mental

3   suffering, inconvenience, anxiety, or emotional distress in relation to his claim under 18

4   U.S.C. § 1030.  Plaintiff has not adequately alleged a claim under § 1030, and asserts he is

5   bringing his claim under a provision of the statute that would not limit his claim solely to

6   economic damages.  Because the Court will grant Plaintiff leave to amend this claim,

7   striking the requested damages would be premature.  The Court also will deny as moot

8   Defendant Liner Firm's motion to strike damages claimed under Rule 11.  Plaintiff

9   concedes he cannot bring an independent claim under Rule 11 and the Court already has

10  dismissed with prejudice any such claim.

11  **V.  CONCLUSION**

12  IT IS THEREFORE ORDERED that Defendant Liner Firm's Motion to Dismiss

13  (Doc. #8) is hereby GRANTED.  Plaintiff's claims for abuse of process, malicious

14  prosecution, intentional and negligent infliction of emotional distress, violations of rules

15  and statutes, and negligence are dismissed with prejudice.  Plaintiff's claims for aiding and

16  abetting a violation under 18 U.S.C. § 1030, invasion of privacy, and civil conspiracy

17  claims are dismissed without prejudice.

18  IT IS FURTHER ORDERED that Defendant Liner Firm's Motion to Strike (Doc.

19  #9) is hereby GRANTED in part and DENIED in part.  The motion is granted with respect

20  to allegations regarding damages arising out of "lost" attorney's fees and allegations that

21  Defendants "defrauded" Plaintiff.  The motion is denied in all other respects.

22  IT IS FURTHER ORDERED that Plaintiff Michael Flynn shall have to and

23  including November 16, 2010 to file an amended complaint correcting the deficiencies

24  identified in this Order.

25  DATED: October 15, 2010

26  _____
    PHILIP M. PRO
    United States District Judge

22